UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BLADIMIR PEREZ FOMBONA,

Petitioner,

v.

PAMELA BONDI, *et al.*,

Respondents.

Case No. 1:26-cv-1315-DAD-JDP

FINDINGS AND RECOMMENDATIONS

On February 13, 2026, petitioner, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for a temporary restraining order. The court granted the motion for a temporary restraining order and ordered petitioner's immediate release from immigration detention. The court referred the petition to the undersigned, and on June 15, 2026, the court adopted my recommendation to grant the petition and enter a permanent injunction. Pending now before the court is petitioner's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and respondents' motion to stay ruling on that motion. For the reasons set forth below, I recommend that petitioner's motion be granted and respondents' motion be denied.

**Legal Standard**

"Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." *Carbonell v. I.N.S.*, 429 F.3d

894, 897-98 (9th Cir. 2005). Congress has authorized fee recovery by prevailing parties under the EAJA. *Id.* at 898; 28 U.S.C. § 2412(d)(1)(A). The EAJA directs a court to award reasonable fees and expenses to private parties who prevail in civil litigation against the United States if the position of the United States was not "substantially justified" and no "special circumstances make an award unjust." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). "The government bears the burden of demonstrating substantial justification." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

Thus, to obtain an award for EAJA attorney's fees and costs: (1) petitioner must be the prevailing party; (2) the government's position must not be substantially justified, and no special circumstances make an award unjust; and (3) the requested attorney's fees and costs must be reasonable. *See* 28 U.S.C. § 2412(d)(1)(A).

**Analysis**

Petitioner argues that his motion for attorney's fees under the EAJA should be granted because petitioner is the prevailing party; a habeas petition is considered a "civil action"; and respondents' underlying litigation position was not substantially justified. ECF No. 17. Moreover, petitioner argues that he requests fees at the EAJA statutory rate and the requested hours are reasonable. *Id.* Respondents argue that this matter should be held in abeyance until 60 days after the Supreme Court rules in *Montoya Palacios v. Liggins*, No. 25-1233, 2026 WL 1855057 (U.S. June 29, 2026) (granting certiorari). ECF No. 20. Respondents argue that, should the court reach the merits, petitioner's motion should be denied because a habeas proceeding is not a "civil action" for EAJA purposes and because its litigation position was substantially justified. *Id.* The court will first address the issue of whether adjudication on petitioner's motion should be stayed.

As noted above, respondents argue that this matter should be held in abeyance pending the Supreme Court's resolution of *Montoya Palacios*, 2026 WL 1855057. ECF No. 20 at 2. While not briefed by respondent, under *Landis v. North America Co.*, 299 U.S. 248 (1936), a district court has the discretionary power to stay proceedings pending the outcome of a controlling legal issue in a different case before the Supreme Court. The Court of Appeals has established a three-

factor test which requires a district court to balance the interests of: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)).

Here, the factors weigh against a stay and in favor of finality. Staying adjudication of this motion would delay compensation for petitioner's counsel. Such a delay may have a chilling effect on representation for immigration habeas petitioners. Conversely, respondents present no argument on any hardship or inequity in resolving this motion, apart from their argument that a stay would "promote[]s judicial efficiency and conserve judicial resources." ECF No. 20 at 2. Indeed, delaying would actually cause more burden on the court system as this motion could remain pending for an unknown matter of time. Next, the orderly course of justice requires the court to conclude this matter in a timely fashion. *See V.O v. Noem*, No. 1:25-cv-1796-TLN-JDP, 2026 WL 2169089 (E.D. Cal. July 28, 2026), *report and recommendation adopted*, 2026 WL 2568900 (E.D. Cal. Aug. 28, 2026). Finally, the undersigned joins other courts in this Circuit that have declined to stay attorney's fees motions pending resolution of *Montoya Palacios*. *See*, *e.g.*, *Ortiz Landazuri v. Mullin*, No. 5:26-cv-1419-WLH-DFM, 2026 WL 2326095, at *2 (C.D. Cal. Aug. 11, 2026); *Jaraba Oliveros v. Kaiser*, No. 5:25-cv-7117, 2026 WL 2323824, at *3 (N.D. Cal. Aug. 11, 2026); *E.A.P.C. v. Wofford*, No. 1:25-cv-1546-JLT-CDB, 2026 WL 1983910, at *2 (E.D. Cal. July 9, 2026). Accordingly, respondents' argument, while well taken, does not persuade the court that a stay is appropriate. The court will now address the merits of petitioner's motion.

Respondents argue that petitioner's motion for attorney's fees must be denied under EAJA because habeas proceedings are not civil actions under 28 U.S.C. § 2412(d)(1)(A). ECF No. 20 at 2-3. The EAJA expressly limits its provision for an award of attorney's fees and expenses to a party that prevails against the United States in a "civil action." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has found that habeas corpus proceedings are "technically 'civil'" in general.

*Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971). The Court of Appeals has held that EAJA fees are available in the context of some immigration habeas actions. *Nadarajah v. Holder*, 569 F.3d 906, 924 (9th Cir. 2009); *In re Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1985). Both the Third Circuit and Tenth Circuit Courts of Appeals recently held that the EAJA "unambiguously" encompasses habeas challenges to immigration detention, expressly finding that such proceedings qualify as "civil actions" and that, accordingly, prevailing petitioners are eligible for an award of fees. *See Michelin v. Warden*, 169 F.4th 418, 424-25 (3d Cir. 2026), *pet. for rehrn'g by panel en banc den'd*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). In reaching this conclusion, both courts relied, in part, on the EAJA's use of the phrase "*any* civil action (other than cases sounding in tort)" as the qualifying language entitling a prevailing party to seek an award of fees. *See* 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

In light of the Supreme Court's characterization in *Schlanger* that habeas corpus proceedings are "technically 'civil'" actions, coupled with EAJA's applicability to "any" civil action except an expressly identified category of cases inapplicable here (i.e., "other than cases sounding in tort"), the undersigned agrees with the Third and Tenth Circuit's interpretation that the EAJA unambiguously includes habeas proceedings challenging immigration detention.

This conclusion is in accordance with courts in this Circuit that have held that immigration habeas petitions are civil actions for purposes of fee awards under the EAJA. *See Gurjinder S. v. Warden*, No. 1:26-cv-0188-TLN-CSK, 2026 WL 2110865, at *2 (E.D. Cal. July 22, 2026) ("Courts in this district have held that habeas petitions are civil actions for purposes of fee awards under the EAJA."); *S.F. v. Bostock*, No. 3:25-cv-1084-MTK, 2026 WL 1230044, at *3 (D. Or. May 5, 2026) ("The plain text of the EAJA, as well as the substance of Petitioner's remedy, establish that this [immigration habeas] case is a 'civil action' under the EAJA."); *Krajekian v. Cantu*, No. 25-cv-2666-DJH-CDB) 2026 WL 598226, at *3 (D. Ariz. Jan. 2, 2026), *report and recommendation adopted*, 2026 WL 596300 (D. Ariz. Mar. 3, 2026) (same).

Accordingly, because the EAJA applies to this action, the inquiry turns on whether petitioner qualifies for the payment of attorney's fees. Petitioner argues that he is the prevailing party in this litigation, ECF No. 17-1 at 5-6, and respondents do not contest this argument, *see*

ECF No. 20. Petitioner is the prevailing party: through this litigation, the court ordered that petitioner be released from custody, ECF No. 10, and granted his habeas petition and entered a permanent injunction in his favor, ECF No. 15. *See A.S. v. Sec'y U.S. Dep't of Homeland Sec.*, No. 1:26-cv-1039-JLT-EGC, 2026 WL 1847393 (E.D. Cal. June 26, 2026) (finding that the petitioner was prevailing party where court ordered release from immigration custody and rejected the respondent's positions on the merits).

To defeat a prevailing party's claim to attorney's fees under the EAJA, the government bears the burden of showing that its position was substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citing *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005)). Respondents argue that their litigation position—that they could mandatorily detain petitioner under section 1225—had a reasonable basis in law and fact based on opinions by the Fifth and Eighth Circuit Court of Appeals. *See* ECF No. 20 at 4-5. Petitioner argues that the government cannot show that its position had a reasonable basis in both law and fact because the agency re-detained him in violation of his constitutionally protected liberty interest in his continued freedom, and this detention was in violation of his clearly established right to due process. ECF No. 17-1 at 8-10.

Immigration authorities released petitioner into the United States on his own recognizance in 2020 and then re-detained him more than five years later on November 17, 2025 without notice or explanation. *See* ECF No. 17-1 at 3. By November 2025, many courts in this Circuit had already ruled that such re-detention without a pre-deprivation hearing violated due process. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. July 24, 2025); *M.R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036-37 (N.D. Cal. 2025) (collecting cases). The Court of Appeals had long made it clear that civil immigration detention must be accompanied by adequate procedural safeguards. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Court of Appeals has joined five other Circuit Courts of Appeals in holding that the proper detention authority for noncitizens, like petitioner, who have been released into the United States is the discretionary authority in 8 U.S.C. § 1226, not the mandatory detention authority exercised by respondents under 8 U.S.C.

§ 1225(b).[1] *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *accord Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026). Accordingly, I find that the government's position was not substantially justified.

Respondents have not argued that the special circumstances exception applies, *see* ECF No. 20, and thus have not borne their burden on that issue. *See Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991) (holding that government has burden of proof on that issue).

Lastly, the undersigned must determine whether petitioner's attorney fee request is reasonable. Respondents do not dispute the amount of attorney fees requested by petitioner. *See* ECF No. 20. In determining what constitutes "reasonable" attorney's fees under the EAJA, "the district court must apply the hybrid approach adopted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). "First, the district court must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Next, in rare instances, the court may increase or reduce the presumptively reasonable lodestar fee on the basis of factors" that are not captured by the lodestar calculation. *Id*. (cleaned up).

Petitioner's counsel requests a rate of $258.46 an hour, *see* ECF No. 17-2 at 8, which is the statutory maximum hourly rate authorized by the EAJA, adjusted for increases in the cost of living. *See Thangaraja*, 428 F.3d at 876-77; "Statutory Maximum Rates Under the Equal Access to Justice," available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited September 24, 2026). This maximum rate controls unless the district court finds that a "special factor" warrants a higher rate. *See Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). Billing records reflect that petitioner's attorneys spent 22.0 hours, for a total of $5,686.12 in attorney's fees and $5.00 in costs. *See* ECF No. 17-2; 17-3. Counsel attaches the signed

[1] Because the mandate has yet to issue, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41.

declaration of petitioner in support of the motion. ECF No. 17-1.

The requested fees are reasonable. For the sake of comparison, in an immigration habeas case involving a similar amount of litigation, the petitioner's three attorneys billed 50.55 hours, which the district court found reasonable and for which the court awarded $25,275. *See S.F.*, 2026 WL 1230044, at *4-6. My experience presiding over a significant number of immigration habeas cases, coupled with the hours found reasonable by other courts in similar cases, demonstrate that counsel's request for total fees and costs of $5,691.12 as compensation for 22.0 attorney hours is reasonable. *See Doe v. Chestnut*, No. 1:25-cv-1372-CDB, 2026 WL 1459808, at *4 (E.D. Cal. May 25, 2026) (awarding $34,518.77 for 131.06 attorney hours and 4.3 paralegal hours); *Gurjinder S.*, 2026 WL 2110865, at *8 (awarding $14,732.22 for 57 attorney hours and 3 legal assistant hours); *N.A.L.C. v. Wofford*, No. 1:25-cv-1917-KES-CDB, 2026 WL 1724739, at *5 (E.D. Cal. June 15, 2026) (recommending award of $7,685.05 for 13.6 attorney hours and 27.8 paralegal hours); *Karla D. R. v. Chestnut*, No. 1:26-cv-1137-TLN-CKD, 2026 WL 1906168, at *2 (E.D. Cal. July 2, 2026) (awarding $6,345.81 in attorney fees for 19.6 attorney hours and 10.2 paralegal hours); *E.A.P.C. v. Wofford*, No. 1:25-cv-1546-JLT-CDB, 2026 WL 1758394 (E.D. Cal. June 18, 2026), *report and recommendation adopted*, 2026 WL 1983910 (E.D. Cal. July 9, 2026) (awarding $5,828.30 for 6.3 attorney hours and 28 paralegal hours); *A.S.*, 2026 WL 1847393, at *2 (recommending award of $3,235.75 for 12.5 attorney hours); *Oscar C.M. v. Knight*, No. 1:25-CV-01915-TLN-SCR, 2026 WL 743350 (E.D. Cal. Mar. 17, 2026) (awarding $2,966.44 for approximately 13 attorney hours).

In light of the above, and having found the requested amount reasonable, I recommend that the motion be granted and that attorney's fees and costs be awarded in the amount of $5,691.12.

**Conclusion**

Accordingly, it is HEREBY RECOMMENDED that:

1. Petitioner's motion for the award of attorney's fees, ECF No. 17, be GRANTED;

2. Respondents be ordered to remit to counsel for petitioner's attorney's fees and costs in the amount of $5,691.12 and

3. This award be made payable to petitioner, but if the Department of the Treasury determines that petitioner does not owe a federal debt, then respondents shall cause the payment of attorney fees and expenses to be made directly to petitioner's counsel.

4. Respondents' motion to stay, ECF No. 20, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 28, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE